■ JOSEPH MALEWICH et al., Appellants, v RUTHERFORD ESTATES, LLC, Also Known as 305 SECOND AVENUE ASSOCIATES, et al., Respondents. [859 NYS2d 188]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered December 26, 2007, which, upon granting plaintiffs' motion for reargument, adhered to the original determination denying their motion for summary judgment, unanimously affirmed, without costs. Appeal from the prior order, entered

August 2, 2007, unanimously dismissed, without costs, as superseded by appeal from the later order.

In 2006, plaintiffs entered into an agreement with defendant Rutherford for the purchase of a condominium apartment in Manhattan. Plaintiffs put down a 10% deposit on the apartment, and later a "second" deposit (both of which were held in escrow by defendant Katsky Korins), but were unable to close on the transaction due to failure to obtain necessary financing. The agreement provided that upon a default by the purchaser, the seller would be entitled to "retain, as and for liquidated damages, the Deposit (but not the Additional Deposit) and any interest earned on the Deposit." A default by the purchaser included, inter alia, the "failure to pay the balance of the Purchase Price . . . on the Closing Date."

We reject plaintiffs' contention that the court committed reversible error by failing to address their argument that defendants repudiated the purchase agreement as a matter of law by refusing to return the "second" deposit tendered by plaintiffs immediately after they had notified Rutherford of their inability to close on the transaction. Plaintiffs do not make a prima facie showing that the term "Additional Deposit" referred to in the purchase agreement is unambiguous as a matter of law, or that the "second" deposit is in fact the "Additional Deposit." Hence, they are not entitled to summary judgment.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ.